Louis S. Ederer
Laura W. Tejeda
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York  10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiff*
*Berkley Networks Corporation d/b/a inMarkit*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x
|   |   |
|---|---|
| : | |
| BERKLEY NETWORKS CORPORATION, : | Case No. 14-cv-5145-WHP (KNF) |
| d/b/a INMARKIT, : | |
| : | **ECF CASE** |
| Plaintiff, : | |
| : | **FIRST AMENDED COMPLAINT** |
| - against - : | |
| : | |
| INMARKET MEDIA, LLC, f/k/a : | |
| CHECKPOINTS LLC; MARK DIPAOLA; and : | |
| TODD DIPAOLA, : | |
| : | |
| Defendants. : | |

------------------------------------------------------------- x

Plaintiff Berkley Networks Corporation, d/b/a inMarkit ("inMarkit"), by and through its

undersigned counsel, for its First Amended Complaint herein, complains of Defendants inMarket

Media LLC, f/k/a Checkpoints LLC ("inMarket"), Mark DiPaola, and Todd DiPaola, and alleges

as follows:

## NATURE OF THE ACTION

1.      Plaintiff seeks injunctive relief and damages for infringement of a registered

trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114; false designation

of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark

infringement in violation of the common law of the State of New York; and unfair competition in violation of the common law of the State of New York.

2. In particular, this case concerns Defendants' adoption of a trade name and service mark — "inMarket" — that is confusingly similar to Plaintiff's federally-registered INMARKIT service mark. Since at least as early as November 1, 2008, Plaintiff has prominently used its INMARKIT mark in connection with the marketing and sale of a mobile and online shopping platform that includes, among other things, a digital bookmarking technology that may be used by manufacturers and retailers of consumer products to enable consumers to save and instantly share items while browsing or shopping on a manufacturer's or retailer's website or mobile application. Plaintiff's INMARKIT technology also provides consumers with mobile notifications that alert them when a retailer's nearby brick and mortar stores carry those items or when a manufacturer or retailer is offering discounts or other promotional incentives relating to those items.

3. Long after Plaintiff introduced its INMARKIT service mark, Defendants began to operate a competing business engaged in the marketing and sale of mobile and online shopping tools, including a nearly identical digital bookmarking technology, which also enables consumers to save items and provides alerts to consumers regarding the location of goods or promotions in nearby retail establishments, under the nearly identical mark "inMarket." This conduct was not only engaged in without Plaintiff's consent, but in willful disregard of Plaintiff's rights in the INMARKIT service mark, of which Defendants were well aware.

4. The foregoing conduct has caused and is likely to continue to cause confusion, mistake, and deception among the general consuming public and the trade as to an affiliation,

2

connection, or association between the products and services offered under the marks "inMarkit" and "inMarket," all to the irreparable harm of Plaintiff.

## JURISDICTION AND VENUE

5.       This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Plaintiff's claims are predicated upon the Trademark Act of 1946, as amended, 15 U.S.C. § 101 *et seq.*, and substantial and related claims under the common law of the State of New York.

6.       Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b), because Defendants are either subject to personal jurisdiction within this judicial district and/or because a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

## THE PARTIES

7.       Plaintiff inMarkit is a corporation duly organized and existing under the laws of the State of New York, and maintains its principal place of business at 175 Varick Street, New York, NY 10014.

8.       Upon information and belief, Defendant inMarket is a limited liability company organized and existing under the laws of the State of California, having its principal place of business at 1350 Abbot Kinney Boulevard #203, Venice, California, 90291.

9.       Upon information and belief, Defendant Mark DiPaola is an individual resident of California.  Upon further information and belief, Mark DiPaola is the Chairman and Co-Founder of Defendant inMarket, and is a moving, active, conscious force directing Defendant inMarket's wrongful actions described herein.  Accordingly, Mark DiPaola is personally responsible and liable for the wrongful actions of Defendant inMarket as described herein.

10.     Upon information and belief, Defendant Todd DiPaola is an individual resident of California.  Upon further information and belief, Todd DiPaola is the Chief Executive Officer and Co-Founder of Defendant inMarket, and is a moving, active, conscious force directing Defendant inMarket's wrongful actions described herein.  Accordingly, Todd DiPaola is personally responsible and liable for the wrongful actions of Defendant inMarket as described herein.

## INMARKIT'S BUSINESS

11.     Since 2008, Plaintiff inMarkit has been marketing, promoting, selling, and distributing under the INMARKIT service mark, a digital technology to manufacturers and retailers of consumer products that allows consumers browsing or shopping on a manufacturer's or retailer's website to create a "digital bookmark" of items they wish to save, and items they wish to share instantly with their friends and family.  Since at least February 2012, this technology also has allowed consumers to elect to receive electronic notifications on their mobile devices that alert them when items on their digital wish list are located in a retailer's brick and mortar establishments that are nearby the consumer's then-current location, or when a manufacturer or retailer is offering a promotion relating to an item on their wish lists.  Plaintiff's inMarkit products and services benefit manufacturers and retailers by allowing consumers to centralize information they receive from loyalty programs, and by focusing the dissemination of the manufacturers' and retailers' advertisements, promotions, discount programs, and loyalty programs.

12.     The INMARKIT service mark is the subject of U.S. Trademark Registration No. 3,565,942, registered on the Principal Register on January 20, 2009, for, *inter alia*, advertising and providing electronic commerce services, specifically the "dissemination of advertising,

4

discount programs, customer loyalty programs and customer awards programs" through

transmission of text, data, audio, video, and sound; and for providing online, non-downloadable

software that enables the interactive exchange of information.  inMarkit's trademark registration

for its INMARKIT service mark is in full force and effect and is incontestable.  A copy of the

registration certificate for the INMARKIT service mark is attached hereto as Exhibit A.

13.     InMarkit has also applied to register the INMARKIT trademark for, *inter alia*,

"downloadable software in the nature of an application enabling a user to locate businesses or

places in proximity to the user in the field of consumer products and services," U.S. Ser. No.

85/691,622.  The USPTO issued a Notice of Allowance on April 8, 2014.

14.     InMarkit maintains a company website, www.inmarkit.com, for use by its

customers and prospective customers.  As depicted below, a black banner that appears on each

page of the website features Plaintiff's "inMarkit" logo, which is comprised of its name with a

lower case "i" in a white, sans-serif font, as well as different tabs in a similar white, sans-serif

font, representing different aspects of inMarkit's business.  The website also contains textual

material promoting inMarkit's business success, as follows:



## DEFENDANTS' INFRINGING CONDUCT

15.     Defendants are currently, and at all times relevant hereto have been engaged in the business of promoting a mobile shopping application.  Defendants produce and promote their services to customers throughout the United States, including customers and prospective customers in this judicial district.

16.     Upon information and belief, Defendants originally operated a company called Checkpoints LLC.  Upon further information and belief, since as early as 2011, Checkpoints engaged in the marketing and sale of a shopping rewards mobile application that provided consumers with discounts and products if they scanned products that they purchased.

17.     Upon information and belief, Defendants applied to register the mark "inMarket" on November 29, 2011, U.S. Serial No. 85/483,063.  This application was signed by Defendant Todd DiPaola.  Upon information and belief, the United States Patent and Trademark Office ("USPTO") rejected Defendants' application based on the fact that "inMarket" was confusingly similar to Plaintiff's validly registered INMARKIT mark.  In its rejection, the USPTO stated that the marks had a "similar sound and commercial impression," that the "services are virtually identical," that inMarket and inMarkit were "essentially offering online advertising services for others," and that both were "utilizing award and reward programs."  On October 10, 2012, U.S. Serial No. 85/483,063 was abandoned, for failure of inMarket to respond to the USPTO's Office Action.

18.     Upon information and belief, since at least as early as December 2011, Defendants have known that inMarkit actively promotes and distributes its digital bookmark technology to manufacturers and retailers.  It was at that time that Defendant Mark DiPaola

approached inMarkit and sought to license or acquire the INMARKIT service mark.  Plaintiff, however, refused to license or assign its INMARKIT mark to Defendants.

19.     Upon information and belief, after Plaintiff refused to license or assign its INMARKIT mark to Defendants, Defendants announced that they were changing their corporate name from Checkpoints LLC to inMarket.  Thereafter, on February 1, 2012, Plaintiff notified Defendants, that Defendants were infringing Plaintiff's intellectual property rights.  When so notified, Defendants informed inMarkit that they had no plans to rebrand their mobile application and rewards program under the name inMarket, or to otherwise offer a competing service under that mark.

20.     Upon information and belief, despite these assurances, and with full knowledge of the types of products and services Plaintiff offers for sale and sells under the INMARKIT service mark, Defendants have not only continued to use the infringing "inMarket" mark, but have also recently expanded their offerings under the "inMarket" mark to include a shopping application with a "Mobile to Mortar" software platform, which alerts consumers to the presence of products located in nearby retail establishments.  This product competes directly with various products and services that, as Defendants well know, Plaintiff has been offering for sale and selling for years under its INMARKIT mark.

21.     Upon information and belief, Defendants promote these infringing products and services on their company website, located at www.inmarket.com.  As depicted below, that website contains a black banner that appears on every page of the site, which features the "inMarket" name in a predominantly white, sans-serif font, along with tabs for different information about inMarket, which also appear in a white, sans-serif font, mimicking the presentation on Plaintiff's website.

Plaintiff's www.inMarkit.com website:            Defendants' www.inMarket.com website:

   

22.     Defendants' use of the service mark "inMarket" has caused, and, upon information and belief, will continue to cause confusion among Plaintiff's customers and members of the retail trade.  Among other things, prospective customers visiting Defendants' website, or otherwise encountering Defendants' "inMarket" products or services, are likely be confused as to whether inMarkit has sponsored or approved inMarket's use of the virtually identical mark.

23.     Upon information and belief, since the filing of the Complaint in this action, Defendants have further encroached on inMarkit's business by adopting inMarkit's business strategies, marketing techniques, and product offerings, to the point where Defendants' and Plaintiff's businesses have become identical not only in name, but in substance.  In effect, Defendants have hijacked Plaintiff's entire business, and are, in essence, operating a counterfeit business.  As a result, Defendants have exacerbated confusion as between their business and Plaintiff's business, such that there have been numerous instances where both prospective customers and the trade as whole have become confused as to the true source of Defendants' services.

24.     Upon information and belief, Defendants intend to continue to market, promote, distribute, sell and/or offer to sell their services under the "inMarket" trade name and service mark, and encroach even further on Plaintiff's business model.

25.     Upon information and belief, Defendants' use of the "inMarket" service mark, and the manner in which they promote their business and present themselves to customers and prospective customers, is and has been part of a deliberate effort to present themselves as if they were Plaintiff, or somehow affiliated with Plaintiff.  As a result of the foregoing, Plaintiff has suffered a substantial loss in business revenue, as well as severe harm to the goodwill of its "inMarkit" name.

26.     Unless Defendants' conduct is enjoined, such conduct will continue to severely inhibit and/or destroy Plaintiff's ability to identify its services under its federally-registered INMARKIT service mark, and to cause Plaintiff to suffer a loss in business revenue and irreparable harm.

### FIRST CLAIM FOR RELIEF
### SERVICE MARK COUNTERFEITING AND INFRINGEMENT (15 U.S.C. § 1114)

27.     The allegations set forth in paragraphs 1 through 26 hereof are adopted and incorporated by reference as if fully set forth herein.

28.     By the acts alleged herein, Defendants are using a mark that is substantially indistinguishable from, and/or confusingly similar to, Plaintiff's INMARKIT service mark, and have counterfeited and/or infringed, and continue to counterfeit and/or infringe, Plaintiff's service mark, in violation of 15 U.S.C. § 1114.

29.     Upon information and belief, Defendants' use of the "inMarket" service mark that is substantially indistinguishable from, and/or confusingly similar to, the INMARKIT service mark, has caused, and is likely to continue to cause confusion, mistake, and deception among

retail customers and other members of the trade and general public as to the source of Defendants' services being offered under such counterfeiting and/or infringing marks, or as to a possible affiliation, connection or association between inMarkit and inMarket.

30.     Upon information and belief, Defendants have acted with knowledge of Plaintiff's ownership of the INMARKIT service mark, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

31.     Defendants' acts constitute willful trademark counterfeiting and/or infringement in violation of 15 U.S.C. § 1114.

32.     Upon information and belief, by its actions, Defendants intend to continue their unlawful conduct, and to willfully counterfeit and/or infringe Plaintiff's INMARKIT service mark, unless restrained by this Court.

33.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

34.     Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Plaintiff.  Plaintiff has no adequate remedy at law.

**<u>SECOND CLAIM FOR RELIEF</u>**
**<u>FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))</u>**

35.     The allegations set forth in paragraphs 1 through 34 hereof are adopted and incorporated by reference as if fully set forth herein.

36.     Upon information and belief, Defendants' use of the "inMarket" trade name and other indicia associated with Plaintiff, has caused and is likely to continue to cause confusion, mistake and deception among the trade as to the source of Defendant's services offered under such mark, or as to a possible affiliation, connection or association between inMarkit and inMarket.

37.     Defendants' conduct as aforementioned constitutes a false designation of origin of the services provided under the infringing mark, and/or false and misleading descriptions and representations of fact, in violation of 15 U.S.C. § 1125(a).

38.     Upon information and belief, by its actions, Defendants intend to continue to falsely designate the origin of its services and related products as aforesaid, unless restrained by this Court.

39.     Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Plaintiff.  Plaintiff has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**COMMON LAW TRADEMARK INFRINGEMENT**

40.     The allegations set forth in paragraphs 1 through 39 hereof are adopted and incorporated by reference as if fully set forth herein.

41.     The aforesaid conduct of Defendants constitutes trademark infringement under the common law of the State of New York.

42.     Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct, and to infringe Plaintiff's INMARKIT service mark, unless restrained by this Court.

43.     Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Plaintiff.  Plaintiff has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**COMMON LAW UNFAIR COMPETITION**

44.     The allegations set forth in paragraphs 1 through 43 hereof are adopted and incorporated by reference as if fully set forth herein.

45.     The aforesaid conduct of Defendants constitutes unfair competition with inMarkit under the common law of the State of New York, and in addition, Defendants have engaged in unfair competition by misappropriating, in bad faith, the labors and expenditures of inMarkit, thereby causing confusion and deception among consumers and the trade.

46.     Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Plaintiff.  Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff  inMarkit demands judgment against Defendants as follows:

1.     Finding that, (i) as to Count 1, Defendants engaged in trademark infringement in violation of 15 U.S.C. § 1114; (ii) as to Count 2, Defendants engaged in false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a); (iii) as to Count 3, Defendants engaged in trademark infringement in violation of the common law of the State of New York; and (iv) as to Count 4, Defendants engaged in unfair competition with Plaintiff in violation of the common law of the State of New York.

2.     That Defendants and all of those acting in concert with them, including their agents and servants, and all those on notice of this suit, be preliminarily and permanently enjoined from:

(a)     marketing, promoting, distributing, selling or offering to sell any services or products under the "inMarket" trade name, or any trade name or service mark that is confusingly similar to Plaintiff's INMARKIT service mark, and from engaging in any other activity constituting an infringement of any of Plaintiff's rights in and to the INMARKIT service mark; and

(b)      engaging in any activity constituting unfair competition with inMarkit, or acts and practices that deceive the public and/or trade.

3.      That Defendants be required to take such other measures as the Court may deem appropriate to prevent the public and/or the trade from deriving any erroneous impression that the services and/or products offered by Defendants are affiliated with, sponsored by, authorized by, related to or associated in any way with Plaintiff.

4.      That Defendants be directed to file with the Court and serve upon Plaintiff, within thirty (30) days after service of a judgment or order upon Defendant, a written report under oath setting forth in detail the manner in which Defendant has complied with the requirements set forth above in paragraphs 2 and 3 hereof.

5.      That the Court award Plaintiff (i) all of Defendants' profits and Plaintiff's damages derived from their unlawful conduct, to the full extent provided for by Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), including treble damages where appropriate; (ii) as an alternative to awarding profits under Section 35(a), awarding Plaintiff statutory damages as provided for by Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c); (iii) Plaintiff's damages derived from Defendants' unlawful conduct, to the full extent provided for under the common law of the State of New York; (iv) punitive damages under the common law of the State of New York; and (v) Plaintiff's attorneys' fees and litigation-related expenses incurred herein.

6.      That Plaintiff be awarded pre-judgment and post-judgment interest on any monetary award against Defendants.

7.      That Plaintiff be awarded such additional and further relief as the Court deems just and proper.

13

Dated: New York, New York          ARNOLD & PORTER LLP
      October 2, 2014

By: _Laura Tejeda_

Louis S. Ederer
Laura W. Tejeda

399 Park Avenue
New York, New York 10022
Phone (212) 715-1000
Fax (212) 715-1399
Email: louis.ederer@aporter.com
           laura.tejeda@aporter.com

*Attorneys for Plaintiff*
*Berkley Networks Corporation, doing*
*business as inMarkit*

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# INMARKIT

**Reg. No. 3,565,942**

**Registered Jan. 20, 2009**

**Amended Feb. 25, 2014**

**Int. Cls.: 35, 38 and 42**

**SERVICE MARK**

**PRINCIPAL REGISTER**

BERKLEY NETWORKS CORPORATION (DELAWARE CORPORATION)
P.O. BOX 4247
EAST HAMPTON, NY 11937

FOR: ELECTRONIC COMMERCE SERVICES, NAMELY, DISSEMINATION OF ADVERTISING, DISCOUNT PROGRAMS, CUSTOMER LOYALTY PROGRAMS AND CUSTOMER REWARD PROGRAMS FOR OTHERS VIA GLOBAL COMPUTER NETWORKS, TELECOMMUNICATIONS NETWORKS, AND WIRELESS COMMUNICATION NETWORKS; * ALL OF THE AFORESAID IN THE FIELD OF CONSUMER PRODUCTS AND SERVICES; * PROVIDING A DATABASE OF CUSTOMER PROFILES THAT ENABLES CUSTOMERS TO CENTRALIZE INFORMATION FROM LOYALTY PROGRAMS, DISCOUNT PROGRAMS AND CUSTOMER REWARD PROGRAMS, AND TO ORGANIZE, MANAGE AND SHARE SHOPPING LISTS AND CUSTOMER PROFILE INFORMATION WITH RETAILERS, VENDORS AND OTHER CONSUMERS *, ALL OF THE AFORESAID IN THE FIELD OF CONSUMER PRODUCTS AND SERVICES; NONE OF THE AFORESAID SERVICES RELATING TO FINANCIAL INDICES *, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-1-2008; IN COMMERCE 11-1-2008.

FOR: ELECTRONIC COMMERCE AND COMMUNICATION SERVICES, NAMELY, THE ELECTRONIC TRANSMISSION AND RECEPTION OF TEXT, DATA, VOICE, AUDIO, VIDEO, IMAGES, SOUND, INFORMATION, AND OTHER DIGITAL AND INTERACTIVE INFORMATION VIA GLOBAL COMPUTER NETWORKS, TELECOMMUNICATIONS NETWORKS, AND WIRELESS COMMUNICATION NETWORKS;* ALL OF THE AFORESAID RELATING TO PERSONAL PREFERENCES AND/OR COUPONS, DISCOUNTS AND/OR OTHER PROMOTIONS FOR A WIDE VARIETY OF CONSUMER PRODUCTS AND/OR SERVICES OF OTHERS; * PROVIDING ACCESS TO A MULTI-CHANNEL INTERACTIVE NETWORK THAT ENABLES [ INDIVIDUALS ] * CONSUMERS * TO CAPTURE, RECORD AND SHARE INFORMATION ABOUT * CONSUMER * ITEMS THEY WISH TO PURCHASE OR TO HAVE PURCHASED VIA GLOBAL COMPUTER NETWORKS, TELECOMMUNICATIONS NETWORKS, AND WIRELESS COMMUNICATION NETWORKS * ; NONE OF THE AFORESAID SERVICES RELATING TO FINANCIAL INDICES *, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 11-1-2008; IN COMMERCE 11-1-2008.

Michelle K. Lee
**Deputy Director of the United States
Patent and Trademark Office**

16

**Reg. No. 3,565,942** FOR: PROVIDING ONLINE, NON-DOWNLOADABLE SOFTWARE THAT ENABLES THE INTERACTIVE EXCHANGE OF INFORMATION * RELATING TO PERSONAL PREFERENCES AND/OR COUPONS, DISCOUNTS AND/OR OTHER PROMOTIONS FOR WIDE VARIETY OF CONSUMER PRODUCTS AND/OR SERVICES OF OTHERS * BETWEEN RETAILERS, VENDORS AND CUSTOMERS [ FOR A VARIETY OF GOODS AND SERVICES ] VIA GLOBAL COMPUTER NETWORKS, TELECOMMUNICATIONS NETWORKS, AND WIRE-LESS COMMUNICATION NETWORKS; PROVIDING NON-DOWNLOADABLE SOFTWARE FOR A MULTI-CHANNEL INTERACTIVE NETWORK THAT ENABLES INDIVIDUALS TO CAPTURE, RECORD AND SHARE INFORMATION ABOUT * CONSUMER * ITEMS THEY WISH TO PURCHASE OR TO HAVE PURCHASED VIA GLOBAL COMPUTER NETWORKS, TELECOMMUNICATIONS NETWORKS, AND WIRELESS COMMUNICATION NETWORKS * IN THE FIELD OF CONSUMER PRODUCTS AND SERVICES; NONE OF THE AFORESAID SERVICES RELATING TO FINANCIAL INDICES *, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 11-1-2008; IN COMMERCE 11-1-2008.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-764,999, FILED 12-1-2005.

| From: | TMOfficialNotices@USPTO.GOV |
|---|---|
| Sent: | Saturday, August 23, 2014 11:01 PM |
| To: | trademarkdocketing@aporter.com |
| Cc: | louis.ederer@aporter.com ; laura.tejeda@aporter.com ; elisabeth.richards@aporter.com |
| Subject: | Official USPTO Notice of Acceptance/Acknowledgement Sections 8 and 15: U.S. Trademark RN 3565942: INMARKIT: Docket/Reference No. 0037515.0000 |

**Serial Number:** 78764999
**Registration Number:** 3565942
**Registration Date:** Jan 20, 2009
**Mark:** INMARKIT
**Owner:** Berkley Networks Corporation

Aug 23, 2014

### NOTICE OF ACCEPTANCE UNDER SECTION 8

The declaration of use or excusable nonuse filed for the above-identified registration meets the requirements of Section 8 of the Trademark Act, 15 U.S.C. §1058.  **The Section 8 declaration is accepted.**

### NOTICE OF ACKNOWLEDGEMENT UNDER SECTION 15

The declaration of incontestability filed for the above-identified registration meets the requirements of Section 15 of the Trademark Act, 15 U.S.C. §1065.  **The Section 15 declaration is acknowledged.**

**The registration will remain in force for the class(es) listed below for the remainder of the ten-year period, calculated from the registration date, unless canceled by an order of the Commissioner for Trademarks or a Federal Court.**

**Class(es):**
035, 038, 042

TRADEMARK SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

### REQUIREMENTS FOR MAINTAINING REGISTRATION

**WARNING: Your registration will be canceled if you do not file the documents below during the specified time periods.**

**Requirements in the First Ten Years**

**What and When to File:** You must file a declaration of use (or excusable nonuse) **and** an application for renewal between the 9th and 10th years after the registration date.  See 15 U.S.C. §§1058, 1059.

**Requirements in Successive Ten-Year Periods**

**What and When to File:** You must file a declaration of use (or excusable nonuse) **and** an application for renewal between

every 9th and 10th-year period, calculated from the registration date.  See 15 U.S.C. §§1058, 1059.

**Grace Period Filings**

The above documents will be considered as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***The USPTO WILL NOT SEND ANY FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS.  THE REGISTRANT SHOULD CONTACT THE USPTO ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.***

To view this notice and other documents for this application on-line, go to  http://tdr.uspto.gov/search.action?sn=78764999.
 NOTE: This notice will only be available on-line the next business day after receipt of this e-mail.