Louis S. Ederer
Laura W. Tejeda
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York  10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiff*
*Berkley Networks Corporation d/b/a inMarkit*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| BERKLEY NETWORKS CORPORATION, d/b/a INMARKIT,   Plaintiff,  - against -  INMARKET MEDIA, LLC, f/k/a CHECKPOINTS LLC; MARK DIPAOLA; and TODD DIPAOLA,   Defendants. | Case No. 14cv5145 WHP (KNF)  ECF Case  **REPLY AND AFFIRMATIVE DEFENSES TO INMARKET MEDIA, LLC'S COUNTERCLAIM** |

---

Plaintiff Berkley Networks Corporation, d/b/a inMarkit ("inMarkit"), by and through its undersigned counsel, for its Reply and Affirmative Defenses in response to inMarket Media LLC, f/k/a Checkpoints LLC ("inMarket")'s Counterclaim (the "Counterclaim") in its Answer, Affirmative Defenses, and Counterclaim, avers as follows:

**Nature of the Counterclaim**

1. Paragraph 1 of the Counterclaim is in the nature of legal argument and does not call for a response. To the extent it calls for a response, inMarkit denies the allegations of Paragraph 1 of the Counterclaim.

    2.      Paragraph 2 of the Counterclaim is in the nature of legal argument and does not call for a response. To the extent that it calls for a response, inMarkit denies the allegations of Paragraph 2 of the Counterclaim.

### Parties

    3.      inMarkit lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 3 of the Counterclaim.

    4.      inMarkit admits the allegations of Paragraph 4 of the Counterclaim.

### Jurisdiction

    5.      inMarkit admits the Counterclaim purports to be brought under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq*, and therefore admits that the Court has jurisdiction.

    6.      inMarkit admits the allegations of Paragraph 6 of the Counterclaim.

### Factual Background

    7.      inMarkit admits the allegations of Paragraph 7 of the Counterclaim.

    8.      inMarkit admits the allegations of Paragraph 8 of the Counterclaim.

    9.      inMarkit admits the allegations of Paragraph 9 of the Counterclaim.

    10.      inMarkit admits the allegations of Paragraph 10 of the Counterclaim.

    11.      inMarkit admits the allegations of Paragraph 11 of the Counterclaim.

    12.      inMarkit admits the allegations of Paragraph 12 of the Counterclaim.

    13.      inMarkit admits the allegations of Paragraph 13 of the Counterclaim.

    14.      inMarkit admits the allegations of Paragraph 14 of the Counterclaim.

    15.      inMarkit denies the allegations of Paragraph 15 of the Counterclaim.

16. Paragraph 16 of the Counterclaim is in the nature of legal argument and does not call for a response. To the extent that it calls for a response, inMarkit lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 16 of the Counterclaim.

17. inMarkit lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 17 of the Counterclaim, except inMarkit denies the last sentence.

18. inMarkit lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 18, except admits that it provided inMarket with documents filed with the USPTO.

19. inMarkit denies the allegations of Paragraph 19 of the Counterclaim, except admits that in an April 2009 press release, it announced the launch of a new service under the INMARKIT name and that it demonstrated its services at a convention in April 2009.

20. inMarkit denies the allegations of Paragraph 20 of the Counterclaim, except admits that it presented it services at the Magento Imagine 2014 Conference in Las Vegas in May 2014.

21. inMarkit denies the allegations of Paragraph 21 of the Counterclaim.

22. inMarkit denies the allegations of Paragraph 22 of the Counterclaim.

## COUNT I
### (Cancellation of U.S. Trademark Reg. No. 3,565,942)

23. inMarkit incorporates by reference each and every response set forth in Paragraphs 1 though 22, inclusive, of this Answer.

24. Paragraph 24 of the Counterclaim is in the nature of legal argument and does not call for a response.

25. Paragraph 25 of the Counterclaim is in the nature of legal argument and does not call for a response.

26. Paragraph 26 of the Counterclaim is in the nature of legal argument and does not call for a response.

27. Paragraph 27 of the Counterclaim is in the nature of legal argument and does not call for a response.  To the extent that it calls for a response, inMarkit lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 27 of the Counterclaim.

28. inMarkit denies the allegations of Paragraph 28 of the Counterclaim.

29. inMarkit admits the allegations of Paragraph 29 of the Counterclaim.

30. inMarkit denies the allegations of Paragraph 30 of the Counterclaim.

31. inMarkit denies the allegations of Paragraph 31 of the Counterclaim.

## FIRST AFFIRMATIVE DEFENSE

32. The Counterclaim fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

33. The Counterclaim fails to state a fraud claim with particularity.

## THIRD AFFIRMATIVE DEFENSE

34. inMarket's claim is barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

35. inMarket's claim is barred, in whole or in part, by the doctrines of waiver and estoppel.

WHEREFORE, Plaintiff inMarkit prays that this Court dismiss inMarket's Counterclaim with prejudice in its entirety, order that inMarket pay inMarkit's reasonable attorney's fees, and award to inMarkit such other and further relief as the Court deems just and proper.

Dated: New York, New York  　　　　　ARNOLD & PORTER LLP
　　　　October 2, 2014

By: /s/ Louis S. Ederer_____
　　Louis S. Ederer
　　Laura W. Tejeda

　　399 Park Avenue
　　New York, New York 10022
　　Phone (212) 715-1000
　　Fax (212) 715-1399
　　Email: louis.ederer@aporter.com
　　　　　　laura.tejeda@aporter.com

*Attorneys for Plaintiff*
*Berkley Networks Corporation, doing*
*business as inMarkit*