# Katten

Katten Muchin Rosenman LLP

525 W. Monroe Street
Chicago, IL 60661-3693
312.902.5200 tel
312.902.1061 fax

FLOYD A. MANDELL
floyd.mandell@kattenlaw.com
312.902.5235 direct
312.902.1061 fax

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/21/15
```

January 16, 2015

**VIA ECF**

The Honorable William H. Pauley III
United States District Court (S.D.N.Y.)
500 Pearl Street, Room 1920
New York, NY 10007

Re:   *Berkley Networks Corp. v. inMarket Media, LLC,* 14-cv-5145(WHP)

Dear Judge Pauley:

Defendants request a pre-motion conference in anticipation of filing a motion for partial summary judgment on the allegation of "counterfeiting" under Plaintiff's first claim for relief.

*Background*

Plaintiff's allegation for "service mark counterfeiting" under its first claim for relief is presented as an alternative ("and/or") theory to the basic allegation of trademark infringement. Plaintiff's prayer for relief seeks enhanced, statutory damages for this alternative theory. And at the preliminary injunction hearing, Plaintiff stated: ***"The only reason*** we're talking about counterfeiting . . . is because if this is a counterfeit, then you don't even have to do the likelihood of confusion analysis. It's presumed, likelihood of confusion is presumed." 12/18/14 Hearing Transcript, at 23 (emphasis added). In other words, Plaintiff is using its alternative counterfeiting claim as an attempt to bypass and circumvent the traditional *Polaroid* factors concerning likelihood of confusion in trademark infringement cases. As explained below, there is no genuine issue of material fact regarding whether Defendants' mark rises to the high level of a "counterfeit"; it does not. The Court can view the parties' marks and make this determination as a matter of law. A grant of partial summary judgment on Plaintiff's alternative allegation of "service mark counterfeiting" is therefore appropriate, and would narrow the issues in dispute.

This action involves a dispute between two different service marks, both purportedly used in connection with digital marketing services. Plaintiff alleges it owns U.S. Reg. No. 3565942 for the mark **INMARKIT**. The First Amended Complaint, ¶ 14, describes Plaintiff's mark as having *a lower case "i" in a white, sans-serif font,* and shows an image of the mark as it was then used on Plaintiff's website, wherein it is depicted in white letters, with a blue 3-dimensional cube logo, a lower case "i," and a capital "M," all against a black background. Plaintiff has since revised the presentation of its mark on the www.inMarkit.com website. The mark is still presented with a lower-case "i," a capital "M," and a blue, 3-dimensional cube, but the lettering is now black on a white background. Both of Plaintiff's marks are depicted below, on the left.

AUSTIN   CENTURY CITY   CHARLOTTE   CHICAGO   HOUSTON   IRVING   LOS ANGELES
NEW YORK   ORANGE COUNTY   SAN FRANCISCO BAY AREA   SHANGHAI   WASHINGTON, DC
LONDON: KATTEN MUCHIN ROSENMAN UK LLP
A limited liability partnership including professional corporations



The Honorable William H. Pauley III
January 16, 2015
Page 2

| Plaintiff's Marks | Defendants' Mark |
|---|---|
|  |  |

Defendants' mark is shown above, on the right (and in Plaintiff's First Amended Complaint, ¶ 21). There can be no dispute that Defendants' mark is different from any of Plaintiff's evolving iterations in many respects. Defendants' mark has green and white letters against a black background, and a graphic of a green quadrilateral inserted between the letters "n" and "m" and abutting the "m." Defendants' mark is spelled differently. It lacks a capital "M." The letters are bolded—using a different typeface and style than Plaintiff's mark. And it has never been presented in connection with a three-dimensional cube logo.

Defendants' mark has remained consistent since 2012, whereas Plaintiff's mark has undergone no less than *four* significant visual changes since 2012. *See, e.g.*, Exhibit A to Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction. Defendants' mark cannot be considered a counterfeit of *any* of the various iterations of Plaintiff's mark, much less any iteration that Plaintiff was using before Defendants adopted their mark in 2012.

A*rgument*

To prove its counterfeiting claim, Plaintiff must first, among things, establish that Defendants' mark is a "counterfeit." The Lanham Act, 15 U.S.C. § 1127, defines "counterfeit" as a "spurious mark which is identical with, or substantially indistinguishable from, a registered mark." Counterfeiting is much more than infringement; it is the act of producing or selling a product with a sham trademark that is an intentional and calculated reproduction of the genuine trademark. The typical infringement case in which parties argue over whether consumers are likely to be confused between two marks does not reach the level of counterfeiting.

Plaintiff cannot proffer any evidence to show that Defendants' different mark passes the higher bar required for a mark to be placed in the "hard core" category of a "counterfeit." For the reasons set forth below, the respective marks are neither identical nor "substantially indistinguishable." Rather, the respective marks have several significant and glaring differences that would readily be noticed by an average consumer, let alone the sophisticated parties to whom Plaintiff and Defendants market their services.



The Honorable William H. Pauley III
January 16, 2015
Page 3

First, the marks are spelled differently and comprise different words that have different meanings. A court in this district has recognized the importance of such differences when it granted partial summary judgment and dismissed a plaintiff's counterfeiting claim because of the presence of different letters, specifically because the defendant's mark "contains a double 'dd' whereas plaintiff's contains a single 'g'." *Colgate-Palmolive Co. v. J.M.D. All-Star Imp. & Exp. Inc.*, 486 F. Supp. 2d 286, 291 (S.D.N.Y. 2007). Another court in this Circuit similarly refused to find the two marks at issue "substantially indistinguishable," although those marks had even closer similarities than the marks here, with a difference in just one letter. *Bacardi & Co. v. New York Lighter Co.*, 2000 U.S. Dist. LEXIS 19852, at *4 (E.D.N.Y. Sept. 5, 2000) (finding that "BACARBI" lighters were not a counterfeit of "BACARDI" and granting partial summary judgment on the counterfeiting claim).

Second, although the difference in spelling alone could render the marks not "substantially indistinguishable," the lack of similarity here is further pronounced by additional visual, stylistic, color, capitalization and graphical differences. The Second Circuit has afforded great weight to such differences, for example, when it affirmed a motion to dismiss a counterfeiting claim because "the font, color and capitalization of [plaintiff] Kelly-Brown's mark differed from the offending uses made by defendants." *Kelly-Brown v. Winfrey*, 717 F.3d 295, 315 (2d Cir. 2013).

In addition to not being identical or "substantially indistinguishable," which is alone sufficient to grant summary judgment in favor of Defendants, Defendants' mark also is not "spurious." Plaintiff can produce no evidence to suggest that Defendants intended to create a fake replica of Plaintiff's mark.

There is nothing that has been discovered in this case or that can be discovered that would change the undisputable fact that Plaintiff's and Defendants' marks are neither identical nor "substantially indistinguishable" and that Defendants' mark is not a "spurious" imitation of Plaintiff's mark. Thus, there is no issue of material fact as to whether Defendants' mark is "counterfeit"; it is not. This case is a typical trademark infringement dispute. After Plaintiff first establishes enforceable rights that are superior to Defendants', likelihood of confusion is the test, and Plaintiff cannot bypass the *Polaroid* factors by calling Defendants' mark a counterfeit. Partial summary judgment is thus appropriate on Plaintiff's "service mark counterfeiting" claim. Defendants therefore respectfully request a pre-motion conference or, alternatively, a final date by which it must file its motion in light of the February 23 trial date.

Respectfully submitted,

/s/Floyd A. Mandell

cc: Plaintiff's counsel of record (via ECF)

**SO ORDERED:**

*[Handwritten: Plaintiff is directed to submit a letter in response to Defendants' request for a pre-motion conference by no later than Thursday, January 22, 201[5] at 12:00 p.m. (EST). The parties are directed to arrange for a telephone conference before this Court on Thursday, January 22, 2015 at 4:00 p.m. (EST).]*

_____  1/21/15
WILLIAM H. PAULEY III U.S.D.J.